**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-50095-001-TUC-CKJ (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Riccardo Coronado, | |
| Defendant, | |
| Le Blanc Building Co Inc., | |
| Garnishee. | |

Pending before the Court is Defendant Riccardo Coronado's Objection to Garnishment and Request for Hearing. (Doc. 15). On October 19, 2018, the Clerk of Court issued a Notice of Post Judgment Garnishment. (Doc. 12). That Notice was served upon Defendant on October 24, 2018. (Doc. 13). Defendant filed his Objection to Garnishment and Request for Hearing on December 11, 2018. In his Objection, Defendant briefly alleges that the pending garnishment would cause him to have an income deficit of more than $800.00 per month and that he is the "sole support for his wife and four disabled adult brothers in law." (Doc. 15). Defendant provides no support for his allegations and provides no further substantiating information.

Pursuant to the garnishment statute, judgment debtors can request a hearing by moving to quash a garnishment order under 28 U.S.C. § 3202(d). That statute permits a judgment debtor to request the Court hold a hearing and move to quash a garnishment order

within 20 days after receiving notice.

However, 28 U.S.C. § 3202(d) limits the issues at such a hearing to:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> > (B) the existence of good cause for setting aside such judgment.

As a threshold matter, for a judgment debtor to request a hearing pursuant to § 3202(d), he must request a hearing within 20 days after receiving notice. Defendant was served with the Notice of Post Judgment Garnishment on October 24, 2018, but neglected to file the pending Objection until December 11, 2018, clearly exceeding the 20 days provided for by statute. In addition, Defendant's alleged financial hardship is not an enumerated reason listed within § 3202(d) to raise at a garnishment hearing.

The garnishment statute also allows a judgment debtor to object to a garnishee's answer, within 20 days after receipt, and request a hearing pursuant to 28 U.S.C. § 3205(c)(5). More specifically, §3205(c)(5) provides:

> Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

After examining Defendant's Objection, § 3205(c)(5) is inapplicable. The Defendant's objection was untimely, since the Garnishee's answer was delivered to the Defendant on October 26, 2018. (Doc. 14, pg. 2). Furthermore, Defendant's Objection is not an objection pursuant to §3205 as it neither objects to the garnishee's answer, nor even

references it in any way.

Not only is the Defendant's Objection untimely under either statute, Defendant's Objection is solely based upon an allegation that he will suffer financial hardship and that is not a sufficient reason for a hearing. *See* 28 U.S.C. § 3202(d).

IT IS HEREBY ORDERED:

1. Defendant's Objection to Garnishment and Request for Hearing (Doc. 15) is **denied**.

Dated this 2nd day of May, 2019.

*Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge